IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

ALESHA FULLER,

        Plaintiff,

v.

SDH EDUCATION WEST, LLC, *et al.*,

        Defendants.

Civil Action No.
3:15-CV-1154 (TJM/DEP)

---

APPEARANCES:

FOR PLAINTIFF:

ALESHA FULLER, *Pro se*
188 Main Street, Apt. 10
Binghamton, NY 13905

FOR DEFENDANTS:

[NONE]

OF COUNSEL:

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT, RECOMMENDATION, AND ORDER

*Pro se* plaintiff Alesha Fuller has commenced this action against defendant SDH Education West, LLC ("SDH"), her former employer, and two individuals, alleging that she was subjected to unlawful discrimination and retaliation by the defendants in connection with her employment in

violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.* Plaintiff's complaint and accompanying motion for leave to proceed *in forma pauperis* ("IFP") have been forwarded to me for review. Also pending before the court is plaintiff's request for appointment of *pro bono* counsel to represent her in the action. For the reasons set forth below, plaintiff's IFP application is granted, her motion for the appointment of counsel is denied, and I recommend that her complaint be accepted for filing, except as to the claims asserted against the two individual defendants.

I. BACKGROUND

Plaintiff commenced this action on or about September 28, 2015, after receiving a notice of right to sue, dated September 17, 2015, from the United States Equal Employment Opportunity Commission. Dkt. Nos. 1, 1-1. In her complaint, plaintiff contends that she was subjected to unequal terms and conditions of employment at SDH based upon her race or color and sex,[1] and that her employment was unlawfully terminated on or about March 27, 2015, in retaliation for having filed complaints of discrimination. *See generally* Dkt. No. 1. As defendants, plaintiff's complaint names SDH,

---

[1] Plaintiff's complaint does not disclose plaintiff's race or color. *See generally* Dkt. No. 1. Mindful of the court's duty to extend special solicitude towards *pro se* litigants, the court has assumed, for the purposes of this report and recommendation only, that plaintiff is not Caucasian in light of the allegations that defendants treated Caucasian employees differently than her.

her former employer, as well as two individuals, Pawal Nowacki and William Shannon.[2] *Id.* at 1-2.

II. DISCUSSION

A. Plaintiff's IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a).[3] A court is authorized, however, to permit a litigant to proceed IFP if it determines that she is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1). In this instance, because I conclude that plaintiff satisfies the requirements for IFP status, her application for leave to proceed IFP is granted.[4]

---

[2] In her complaint, plaintiff identifies defendant Nowacki as a manager employed by defendant SDH. Dkt. No. 1 at 4. Defendant Shannon was apparently one of plaintiff's fellow employeed at SDH. *Id.* at 6.

[3] The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[4] Plaintiff is advised that, although her IFP application has been granted, she will still be required to pay fees that she incurs in this action, including copying and/or witness fees.

B.  Review of Plaintiff's Complaint

1.  Standard of Review

Because I have found that plaintiff meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in her complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). However, the court also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d

4

Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court looks to applicable requirements of the Federal Rules of Civil Procedure for guidance. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so

as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### 2. Analysis of Plaintiff's Claims

Plaintiff has asserted Title VII discrimination claims against SDH, a limited liability corporation, and two individuals, defendants Nowacki and Shannon. *See generally* Dkt. No. 1. It is well established, however, particularly in this circuit, that individual liability for damages does not lie under Title VII. *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313-17 (2d Cir. 1995), *abrogated on other grounds by*, *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998). For that reason, I recommend the claims asserted against defendants Nowacki and Shannon be dismissed with prejduice.[5] As to plaintiff's remaining claims asserted against defendant SDH, I find that the complaint alleges sufficient facts to warrant a response from that defendant.

### C. Motion for Appointment of *Pro Bono* Counsel

As is noted above, plaintiff has requested that an attorney be appointed to assist in the prosecution of her claims against defendant SDH. Dkt. No. 5. District courts are afforded broad, though not limitless, discretion

---

[5] Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). In this instance, the deficiency identified above with respect to defendants Nowacki and Shannon is substantive in nature and extends beyond the mere sufficiency of plaintiff's complaint. Accordingly, because I find that any amendment that might be offered by plaintiff in that regard would be futile, I recommend against granting her leave to amend.

in determining whether to appoint counsel to represent indigent civil litigants. 28 U.S.C. § 1915(e)(1); *see also Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir.1986). In *Hodge*, the Second Circuit noted that, when exercising that discretion, the court should first determine whether the indigent's position seems likely to be of substance. *Hodge*, 802 F.2d at 60. "If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in th[e] case why appointment of counsel would be more likely to lead to a just determination."[6] *Hodge*, 802 F.2d at 61-62; *see also Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir.1994).

This action was only recently commenced. The defendants have not yet been served or responded to the allegations contained in plaintiff's complaint, and, accordingly, the only facts upon which this court may base its decision as to whether plaintiff's claims are likely of substance are those portions of her complaint setting forth, in brief, the facts surrounding her

---

[6] In deciding plaintiff's motion, I have taken into consideration this court's custom and practice, which is to ordinarily assign *pro bono* counsel to represent an indigent *pro se* litigant, upon request, at the time of trial.

8

claims, together with the documents attached to that complaint. At this early juncture, the court is unable to properly weigh the allegations in order to determine whether plaintiff's claims are potentially meritorious, warranting the appointment of counsel.

In deciding whether to appoint counsel I note that, although the constitution guarantees indigent litigants "meaningful access" to the courts, it does not assure that all parties in civil actions will receive the benefit of *pro bono* representation. *Hodge*, 802 F.2d at 60. While the appointment of counsel to represent indigent parties in civil suits is authorized by statute, when that authority is exercised the court is required to call upon attorneys to donate their time *pro bono*, to the benefit of indigent litigants and the court. In deference to the limited resources available to the court to serve the interests of the many indigent litigants who pursue claims before them, and recognizing the "thankless burden" associated with such assignments, *Miller v. Pleasure*, 296 F.2d 283, 285 (2d Cir. 1961), courts should not grant such applications indiscriminately, but instead must exercise sound judgment and restraint in doing so. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).

In light of the foregoing, plaintiff's request for appointment of *pro bono* counsel is denied, without prejudice to renewal after defendant SDH has

appeared in the action.

### III. SUMMARY AND RECOMMENDATION

Based upon a review of plaintiff's application, I conclude that she qualifies for IFP status and accordingly grant her IFP application. As is set forth above, however, plaintiff's request for the assignment of *pro bono* counsel to represent her in this matter is denied without prejudice to renewal. As to plaintiff's claims, while I find that the complaint alleges sufficient facts to warrant a response from defendant SDH, her claims asserted against defendants Nowacki and Shannon are subject to dismissal with prejudice. Accordingly, it is hereby

ORDERED that plaintiff's motion for leave to proceed *in forma pauperis* in this action (Dkt. No. 2) is GRANTED; and it is further hereby

ORDERED that plaintiff's motion for appointment of counsel (Dkt. No. 5) is DENIED without prejudice to renewal after defendant SDH Education West, LLC, has appeared in the action; and it is further hereby respectfully

RECOMMENDED that plaintiff's complaint be accepted for filing, except with respect to defendants Pawal Nowacki and William Shannon, and that plaintiff's claims against those two individual defendants be DISMISSED with prejudice; and it is further hereby

RECOMMENDED, in the event this report and recommendation is adopted, that the assigned district judge direct the following:

(1) The clerk of the court shall issue summonses and forward them with copies of the amended complaint to United States Marshal, along with packets containing General Order 25, which sets forth this district's Civil Case Management Plan, for service upon defendant SDH Education West, LLC;

(2) The clerk shall schedule a Rule 16 conference;

(3) Subsequent to service of process on defendants, defendants or their counsel shall file a formal response to plaintiff's complaint as provided for in the Federal Rules of Civil Procedure.

(4) All pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. **Any paper sent by a party to the court or the clerk must be accompanied by a certificate showing that a true and correct copy of same was mailed to all opposing parties or their counsel. Any document received by the clerk or the court which does not include a certificate of service showing that a copy was served upon all opposing parties or their attorneys will be returned, without**

**processing.** Plaintiff must comply with any requests by the clerk's office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions, which must be returnable before the assigned district judge with proper allowance for notice as required by the Rules. **Plaintiff is also required to promptly notify the clerk's office and all parties or their counsel of any change in plaintiff's address; his failure to do so will result in the dismissal of this action**; and it is further

ORDERED that the clerk of the court shall serve a copy of this order on plaintiff in accordance with the local rules.

Dated:   November 19, 2015
         Syracuse, New York

David E. Peebles
U.S. Magistrate Judge